UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INTERACTIVE INTELLIGENCE, INC. | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:16-cv-2062 |
| AVAYA, INC. | ) | |
| | ) | COMPLAINT FOR |
| Defendant. | ) | DECLARATORY JUDGMENT |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Interactive Intelligence, Inc., ("Interactive") for its Complaint against the Defendant, Avaya, Inc. ("Avaya"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action seeking a declaration of patent misuse through Avaya's attempts to improperly expand the scope of its patent monopoly by demanding royalties over components not within the scope of the patent claims. Interactive additionally seeks a finding of patent misuse by Avaya through the Patent License Agreement ("PLA") between the parties and an award of monetary damages for unjust enrichment for past overpayment under the PLA. Interactive also seeks a declaration that it does not infringe, neither directly or indirectly, any of the patents asserted by Avaya.

**PARTIES**

2. Plaintiff Interactive is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 7601 Interactive Way, Indianapolis, Indiana 46278.

1

3. Upon information and belief, Avaya Inc. is a Delaware corporation with a principal place of business at 4655 Great America Parkway, Santa Clara, California 95054.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 2201, 1331 and 1338 because Interactive's relief arises under and necessarily invokes substantial questions of the patent laws of the United States under 35 U.S.C. § 100 *et seq.*

5. The Court has personal jurisdiction over Avaya because Avaya has a systematic and deliberate presence in Indiana through its: (a) direct solicitation and sales of its products and services to customers located in Indiana; (b) maintaining an ongoing relationship, including the shipment and sale of products into Indiana, with at least fifty (50) authorized "Partners" located within Indiana; (c) approaching potential licensees in Indiana, negotiating agreements with licensees in Indiana as well as directing invoices and other communications to its licensees located in Indiana;  and (d) registration with the Indiana Secretary of State and appointment of a registered agent in Indiana to accept service of process in Indiana.

6. Venue is proper in this judicial district under 28 U.S.C. §§1391 because a substantial part of the events or omissions giving rise to the claims occurred in Indianapolis, Indiana and because Avaya regularly conducts business in this judicial district, including maintaining an ongoing relationship, including the shipment and sale of products into this judicial district, with at least thirty (30) authorized "Partners" located within 15 miles of Indianapolis.  See http://www.avaya.com/en/partner-locator/.

**BACKGROUND FACTS**

7. Interactive is a leading software provider in the field of unified business communication solutions for contact centers.

8. Interactive was founded in 1994 in Indianapolis, Indiana and maintains its worldwide headquarters to this day in Indianapolis, Indiana.

9. In 2002, Interactive entered into a Patent License Agreement ("PLA") with Avaya which provided Interactive with a license to all of the patents owned or controlled by Avaya as of January 1, 2002 for its "call center" products. In addition to other patents licensed under the PLA, the PLA specifically identified six (6) "Patents of Particular Interest".

10. In exchange for the license granted in the PLA, the PLA stated that Interactive was to pay Avaya a royalty based upon its "global sales."

11. In 2006, Interactive and Avaya amended the Patent License Agreement and expanded the scope of the licensed patents to include a license to all of the patents owned or controlled by Avaya as of January 1, 2006 (the "Licensed Patents"). During the years 2006 through 2010, a flat license fee was agreed upon provided that Interactive's sales did not exceed a specified threshold. Thereafter, the PLA stated that Interactive was again to pay Avaya a royalty based upon its "global sales."

12. Since at least as early as 2006, Interactive has insisted that the "global sales" royalty basis is overbroad and does not properly reflect the products to which the Licensed Patents may be applicable. Avaya has consistently stated that the use of "global sales" as the royalty base is non-negotiable.

13. In July of 2011, following Interactive's acquisition of Latitude Software, a provider of debt collection software unrelated to call center functions, Avaya contacted Interactive and demanded that Interactive agree to include the revenues of Latitude within its "global sales"

when calculating the royalties due under the PLA despite the inapplicability of the Licensed Patents to Latitude Software's products and services.

14. From 2002 until the present, the sources of Interactive's revenue have grown significantly from primarily call center software sold within the United States to now include many other sources, including hardware resales, software maintenance and support, training, subscription services for cloud based hosting and many others which aren't directly related to call centers and are not relevant to the Licensed Patents.   Moreover, a sizeable portion of Interactive's business is now derived outside of the United States, where coverage by the Licensed Patents is significantly absent.

15. Avaya's requirement that the PLA utilize the overbroad royalty base of "global sales" instead of those components allegedly implementing the licensed patents and its threats of potential patent infringement litigation resulted in Interactive paying significantly more than $1,000,000 in excess payments under the PLA.

16. Avaya has refused to recognize Interactive's overpayment and refuses to reimburse or credit Interactive any amount of the excess payments in spite of Interactive's demands.

17. As of late 2015, each of the patents identified as the "Patents of Particular Interest" had expired.

18. Following numerous additional complaints from Interactive regarding the unfair usage of "global sales" in calculating the royalty, on November 25, 2015, Interactive notified Avaya that it believed that the PLA was unenforceable due to patent misuse and if it were to continue its terms would need to be revised to reflect a more appropriate royalty in light of the expiration of many of the Licensed Patents as well as to provide for an appropriately tailored royalty base (the "2015 Notice").

19. Following Interactive's 2015 Notice, Avaya and Interactive engaged in a series of discussions regarding the terms of the PLA, including two visits from representatives from Avaya to Interactive's headquarters in Indianapolis, Indiana.

20. During these visits, Avaya presented a number of patents to Interactive and Avaya alleged that those patents were infringed by Interactive's products (the "Asserted Patents"). The Asserted Patents include U.S. Patent Nos. 5,802,058; 5,982,873; 6,009,386; 6,052,460; 6,173,399; 6,192,050; 6,208,970; 6,389,132; 6,392,666; 6,535,601; 6,560,330; 6,636,598; 6,665,395; 6,754,331; 6,850,602; 6,925,166; 7,023,980; 7,215,760; 7,542,558; 7,685,102; 7,702,083; 7,990,899; 8,107,401; 8,379,819; 8,897,428; 9,049,291; and 9,154,629.

21. On information and belief, Avaya is the successor in interest to Avaya Licensing LLC and the PLA.

22. On July 29, 2016, Avaya unilaterally terminated the PLA.

## COUNT I – PATENT MISUSE

23. Interactive incorporates by reference paragraphs 1 through 22.

24. Interactive sells a wide variety of products and services which are unrelated to the Licensed Patents, yet Avaya has received and continuously demanded royalties under the PLA for such products and services.

25. Avaya has repeatedly refused to license the Licensed Patents unless Interactive pays a royalty on its entire "global sales", despite a large portion of Interactive's products and services sold being outside the scope of the claims of the Licensed Patents.

26. Avaya is therefore improperly attempting to expand the scope of its patent monopoly to include unpatented articles through its demands that Interactive pay royalties on the value of non-patented components, equipment, services and other revenue.

## COUNT II – DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY AND/OR UNENFORCEABILITY

27. Interactive incorporates by reference paragraphs 1 through 26.

28. Interactive requests a declaration that Interactive, through making, using, selling, and/or offering for sale of its various products and services in the United States, including its Customer Interaction Center® product, has not and will not infringe, in any manner, the Asserted Patents.

29. Interactive requests a declaration that Interactive has not infringed in any manner and will not infringe in any manner any valid patent rights of Avaya by the making, using, selling and/or offering for sale in the United States of its various products and services, including its Customer Interaction Center® product.

30. Interactive requests a declaration that all of the claims of the Asserted Patents are invalid and/or unenforceable under 35 U.S.C. §§ 101 *et seq.*

## RELIEF

WHEREFORE, Interactive prays for judgment as follows:

A. A declaration that Avaya's requirement that the royalty based under the PLA be "global sales" and/or Avaya's demand for royalties on products and services not covered by unexpired patents within the Licensed Patents constitutes patent misuse and thus the PLA and the Licensed Patents are unenforceable;

B. A declaration that Interactive does not infringe the Asserted Patents (infringement defined under 35 U.S.C. 271 to include direct infringement, contributory infringement, and/or active inducement of infringement);

C. A declaration that the Asserted Patents are invalid;

6

D. An award of restitution and/or damages to Interactive in whatever amount it is found to be entitled plus interest;

E. Compensatory damages and/or statutory damages;

F. An award to Interactive of its costs and expenses;

G. An award to Interactive of its reasonable attorneys' fees;

H. An order granting all other relief found necessary, just and proper under the circumstances, including monetary damages and enhancement thereof, to which Interactive may be entitled.

## JURY DEMAND

Interactive respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

s/Spiro Bereveskos
Spiro Bereveskos
William A. McKenna
WOODARD, EMHARDT, MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana  46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile
Email: judy@uspatent.com
wmckenna@uspatent.com

***Attorneys for Plaintiff,***
***Interactive Intelligence, Inc.***

#1311832